FILED
NOV 15 2019
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ronald Satis Emrit, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 19-3086 (UNA) |
| National Football League *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff, a resident of Sarasota, Florida, has sued the National Football League ("NFL"), as well as the Washington Redskins professional football team and majority owner Daniel Snyder. Plaintiff alleges that "all three defendants/tortfeasors have committed the tortious acts of defamation and/or the unauthorized appropriation of a trademark using the 'likeness' of Native Americans/American Indians in a racist and offensive manner." Compl. at 2. Plaintiff seeks $2 billion in monetary damages and injunctive relief "mandating," among other conduct, "that the Washington Redskins football organization change their trademark/name" provided the organization is "still a member of the . . . NFL after this litigation[.]" *Id.* at 9, 10.

The Constitution limits the jurisdiction of the federal courts to deciding actual "Cases" and "Controversies." U.S. Const. Art. III, § 2. "Standing to sue is a doctrine rooted in the

1

traditional understanding of a case or controversy" that "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Because standing "is an essential and unchanging part of the case-or-controversy requirement of Article III," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), "the defect of standing is a defect in subject matter jurisdiction," *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

To satisfy Article III standing, plaintiff must have at least "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 136 S. Ct. at 1547 (citations omitted). The injury must involve "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[.]" *Lujan*, 504 U.S. at 560 (citations, internal quotation marks, and internal alterations omitted). The plaintiff "must allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants." *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Plaintiff has not established constitutional standing. He does not identify as a member of any Native American group but rather "argues," unwisely, "that there is an irrebuttable presumption that he is mixed with the ancestry/blood of American Indians/Native Americans given that [he] is classified as an African-American and it is well-known that most if not all African-Americans 'mixed their blood' with Native Americans/American Indians during colonial times." Compl. ¶ 13. Plaintiff has not alleged an injury that he has suffered at the hands of the defendants. At best, he suggests harm based on "a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens . . .," which "normally does not

warrant exercise of jurisdiction." *Warth*, 422 U.S. at 499. Consequently, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: November 14, 2019

United States District Judge